JOHN PATRICK HASSAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hassan v. Commissioner
Docket No. 4269-90
United States Tax Court
T.C. Memo 1991-229; 1991 Tax Ct. Memo LEXIS 258; 61 T.C.M. (CCH) 2681; T.C.M. (RIA) 91229; May 23, 1991, Filed *258 Decision will be entered for the respondent. John Patrick Hassan, pro se. William J. Gregg, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. [1]
Respondent determined the following Federal income tax deficiencies and additions to tax: Income Tax
Year
Deficiency
6651(a)(1)
6653(a)(1)
1984
$ 959
$ 240
$ 48
1985 799 200 40
1986 647 162 --
1987 599 150 --
Additions to Tax -- Sections
Year
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)B)
1984
* --
-- 1985
* --
--
1986
--
$ 32  * 1987
--
30
* *259 The issues are whether certain interest income is includable in petitioner's taxable income in each of the years 1984 through 1987, whether petitioner is liable for additions to tax for failure to file a timely return for each of the years 1984 through 1987, and whether petitioner is liable for the additions to tax due to negligence in each of the years involved. Some of the facts were stipulated and they are so found. Petitioner was a resident of Center Moriches, New York, at the time the petition herein was filed. Petitioner failed to file Federal income tax returns for the years 1984 through 1987. Interest income was reported by several banks as paid to petitioner in each of the years 1984 through 1987 in the respective amounts of $ 10,272, $ 9,418, $ 8,570 and $ 8,911. Respondent determined that these amounts of interest income were includable in petitioner's taxable income for the respective years at issue. Section 61(a)(4) provides that interest is includable in gross income. There is no dispute over the amounts of the interest earned in each of the years involved. However, petitioner argues that the accounts at the several banks were, in actuality, trust accounts *260 and that the interest income from such accounts would presumably be taxable to the trusts. Petitioner has the burden of proof. Rule 142(a). The record lends no support whatever to petitioner's contention. Petitioner's testimony was vague and unsatisfactory. There are no existing written trust instruments to document the existence of trusts. Petitioner admitted that there were no beneficiaries of the purported trusts. Petitioner made no effort to file fiduciary returns in any of the years involved. In short, the purported trusts appear to be wholly subjective in nature. We must decide this issue on the basis of what was done, rather than what might have been done. Most of the interest income was generated by accounts at Chase Manhattan Bank, N.A. and Chemical Bank which were held by petitioner jointly with his brother. There is nothing in the record to show that any of the funds in these accounts emanated from his brother. In fact, the record suggests otherwise. One of the smaller bank accounts (which generated interest income ranging from $ 63 to $ 242 in the years involved) was designated as in trust for petitioner's mother. Notwithstanding petitioner's subjective intent, *261 there is nothing to show that petitioner at any time relinquished dominion and control over any of the bank accounts and the interest paid on such accounts. In fact, petitioner admittedly had full authority to make withdrawals from the two largest accounts here involved which generated most of the interest income here at issue. Income is taxed to the person who owns it. . The controlling factor in determining the owner, for tax purposes, is actual control over the income. . In view of the dominion and control exercised by petitioner over the several bank accounts and the accumulated interest, the incidence of taxation cannot be shifted to some other entity. On this record, we must conclude that the interest earned in the years 1984 through 1987 by the several bank accounts here involved is includable in petitioner's gross income for those respective years. Respondent is sustained. Petitioner argues that he was denied due process because respondent denied him an Appeals Division conference to discuss his case. However, respondent is not required to provide petitioner *262 with a conference with the Appeals Division before issuing a notice of deficiency. See . Moreover, it is well established that ordinarily this Court will not look behind a statutory notice of deficiency to examine the propriety of respondent's motives or conduct in determining the deficiency. . Petitioner's contention is without merit. Section 6651(a)(1) provides for an addition to tax for failure to file a timely return unless it is shown such failure is due to reasonable cause and not due to wilful neglect. Petitioner has the burden of proof. Rule 142(a). Petitioner did not file a Federal income tax return for any of the taxable years 1984, 1985, 1986, and 1987. There is no persuasive evidence in this record with respect to this issue. We must therefore sustain respondent's determination. Respondent determined additions to tax under section 6653(a)(1) and (2) for the years 1984 and 1985 and under section 6653(a)(1)(A) and (B) for the years 1986 and 1987. Sections 6653(a)(1) and (a)(1)(A) impose an addition to tax if any *263 part of an underpayment of taxes is due to negligence or disregard of rules and regulations. Sections 6653(a)(2) and (a)(1)(B) impose an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Under section 6653(a), negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Here, petitioner's failure to file timely tax returns for the years 1984, 1985, 1986, and 1987 without justifiable reason demonstrates negligence. , affd. on another issue . Absent any persuasive evidence on this issue, we must sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the entire deficiency.↩